IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARVIN DARBY,                          )
                                       )
            Petitioner,                )
                                       )
      v.                               )        Civil Action No. 2:09cv52-WHA
                                       )                  (WO)
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response *(Doc. No. 15)* addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by petitioner Marvin Darby ("Darby") on January 18, 2009.[1]  In its response, the government argues that Darby's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255.  *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]  Specifically, the government argues that Darby's conviction for being a felon in possession of a firearm became final on August 9, 2007 – 90 days after entry of the appellate court's judgment affirming the conviction – and

---

[1]Although the motion was date-stamped "received" in this court on January 22, 2009, it was signed by Darby on January 18, 2009.  Under the "mailbox rule," a *pro se* inmate's motion is deemed filed the date it is delivered to prison officials for mailing, here, presumptively January 18, 2009, the date Darby signed it.  *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[2]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

that the instant § 2255 motion was filed several months after expiration of the one-year period of limitation.  *(See Doc. No. 15.)*

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Darby was convicted on February 14, 2006, and was sentenced by the district court on June 8, 2006.  The district court entered its judgment on June 16, 2006.  *(See Docket Sheet in Case No. 2:05cr177-LSC.)*  Darby appealed to the Eleventh Circuit, and on May 11, 2007, that court affirmed his conviction and sentence.  *(See Government Exhibit 1.)*   Darby filed nothing with the United States Supreme Court by August 9, 2007, which was the deadline for filing a timely petition for a writ of certiorari.  On August 22, 2007, the Eleventh Circuit entered the following on its docket:

[Letter issued to] Marvin Darby[.] Your mtn for an ext to file a Petition for Writ of Cert is a  Supreme Court filing.  mtn is returned unfiled.  A information sheet for filing Certiorari with the Supreme Court is enclosed[.]

*(See Government Exhibit 1.)*  On February 7, 2008, Darby filed a petition for a writ of certiorari with the Supreme Court.  *(See Government Exhibit 2.)*  The Supreme Court denied that petition on June 2, 2008.

It appears to this court that, under the directives of 28 U.S.C. § 2255, Darby's conviction became final on August 9, 2007 – 90 days after entry of the appellate court's judgment affirming his conviction and sentence.  When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).  The untimely petition for a writ of certiorari that Darby filed with the Supreme Court on February 7, 2008, did not extend the date on which the judgment of conviction became final.  *See Edward v. United States*, 295 F.Appx. 320, 321 (11th Cir. 2008) (unpublished) ("Because the district court found that Edwards's petition for writ of certiorari with the Supreme Court was untimely, the petition did not toll the time for filing his § 2255 motion").  The time period for Darby to file a petition for writ of certiorari expired 90 after issuance of the Eleventh Circuit's opinion, at which time his conviction became final and the one-year limitation period began to run. *See Clay*, 537 U.S. at 528. Because, in the absence of a petition for writ of certiorari, the judgment became final after expiration of the 90-day period, the judgment did not revert back to being "non-final" because of Darby's subsequently filed – and late -- petition for writ of certiorari.

Because Darby's conviction became final on August 9, 2007, he had until August 9, 2008, to file a timely § 2255 motion with this court. The instant § 2255 motion was not filed until January 18, 2009.

It does not appear that any of § 2255's statutory exceptions to application of the limitation period are applicable in this case. Darby's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Darby from filing an earlier motion or that Darby has submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to this court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Darby's filing his motion to vacate. Accordingly it is

ORDERED that on or before April 15, 2009, Darby shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 26th day of March, 2009.


_____/s/Susan Russ Walker_____
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

4